**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02854-PAB-NYW

MICHAEL A. PEREZ,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
OFFICER SHEPARD,
OFFICER J. LEE,
NURSE MCKIEVER,
LIEUTENANT ANTHONY, and
ERIC EARWIN,

    Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

    This matter comes before the court *sua sponte* on the Letter filed by Plaintiff Michael A. Perez ("Plaintiff" or "Mr. Perez") on March 9, 2016 [#32],[1] in which Mr. Perez indicated that "[b]y any means did I never intend to file a lawsuit against these defendants. I wrote an Affidavit of Truth in regards to the Incident and let another Inmate by the name of Jeremy Pinson look at it. … He implicated me by forging documents and filing them with the court w/o my consent." [*Id.* at 1, 2]. By Order dated March 10, 2016, this court set a Status Conference on this matter.

---

[1] Where the court refers to the filings made in Electronic Court Filing ("ECF") system in this action, it uses the convention [#___]. When the court refers to the ECF docket number for a different action, it uses the convention [ECF No. ___]. In either case, the court identifies the page number as assigned by the ECF system.

The Status Conference was held on March 21, 2016. During that Conference, Plaintiff repeated his assertion that he never authorized Jeremy Pinson to file a civil action on his behalf. Plaintiff further confirmed that he had not requested counsel to be appointed, despite the then-pending Motion to Appoint Counsel [#16]. Mr. Perez also indicated on the record that he did not wish to pursue this action, and that he had received all of the relief that he sought through an administrative process. This court had Mr. Perez sworn under oath, and Mr. Perez confirmed under the penalty and pains of perjury that the statements he had just made during the Status Conference were truthful and accurate. Counsel for Defendants indicated that he had no objection to a recommendation of dismissal of this action, and no objection to this court recommending that this action not be counted against Mr. Perez for the purposes of the Prisoner Litigation Reform Act.

This court has also compared the handwriting of Mr. Perez's correspondence [#32] with the original Complaint [#1], the Motion to Appoint Counsel [#16], and the Motion for Preliminary Injunction [#15], and is persuaded that the handwriting in the correspondence is different from the handwriting in the court filings. In addition, this court has compared the handwriting reflected in the original Complaint [#1], the Motion to Appoint Counsel [#16], and the Motion for Preliminary Injunction [#15] with the filings of Jeremy Pinson in the unrelated case of *Pinson v. Berkibile*, 14-cv-423-RM-NYW, [ECF No. 1] and *Pinson v. United States Department of Justice*, 14-cv-3393, [ECF No. 1], and notes that the handwriting in the court filings in this matter appears to be substantially similar to the handwriting in the court filings in those unrelated matters. Accordingly, this court is persuaded, based on the record before it that consists of Mr. Perez's various court filings indicating that he did not authorize the filing of this

action and his desire to abandon any such action, Mr. Perez's testimony under oath during the March 21 Status Conference, and the similarity of the handwriting attributed to Jeremy Pinson from various cases, that Mr. Perez did not authorize this action and does not wish to pursue it. Accordingly, this court respectfully **RECOMMENDS** that:

(1) This action be **DISMISSED WITH PREJUDICE**, each side bearing its own costs and fees; and

(2) Any Order dismissing this action reflect that based on the circumstances presented, the dismissal of this action should not count as a "strike" against Plaintiff Michael A. Perez for the purposes of the Prisoner Litigation Reform Act.[2]

---

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED:  March 23, 2016

BY THE COURT:

s/ Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge